IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CANDY L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05-CV-805-T |
| ) | [WO] |
| ) | |
| HOUSTON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on the September 7, 2005 amended complaint filed by Candy L. Jones ["Jones"], a county inmate.[1] *See Court Doc. No. 5.* In the amended complaint, Jones challenges actions taken during criminal proceedings before the District Court of Houston County, Alabama related to twelve (12) misdemeanor cases. She names John Steensland, a District Judge for Houston County, and Johnny B. Davis, the attorney appointed to represent her in the criminal cases, as defendants in this case. Jones seeks correction of the state court transcript on the twelve misdemeanor cases, rescission of the sentence imposed in such cases, fair legal representation, reinstatement of her probation and medical treatment.

---

[1] The initial complaint contained conclusory allegations of medical neglect and medical malpractice against Houston County. Since Jones failed to properly identify the individuals responsible for the alleged denial of medical treatment and because she did not set forth specific facts against any individual, the court entered an order requiring that Jones file an amended complaint naming "those individuals who are responsible for the alleged violations of her constitutional rights during her confinement in the Houston County Jail . . ." and describing "how each named defendant violated her constitutional rights." *Order of August 25, 2005 - Court Doc. No. 3* at 1. The court "further advised [Jones] that this case will proceed only on those claims presented in the amended complaint." *Id.*

Upon review of the pleadings filed in this case and in light of the previous decision entered by this court in *Jones v. Davis, et al.*, Civil Action 1:05-CV-662-T (M.D. Ala. 2005), the court concludes that dismissal of the instant complaint prior to service of process is appropriate under 28 U.S.C.§ 1915(e)(2)(B)(i).[2]

## I. DISCUSSION

Malicious suits are abusive of the judicial process and are not permissible under 28 U.S.C. § 1915(e)(2)(B)(i). A federal court may therefore dismiss a prisoners *in forma pauperis* complaint as malicious where earlier and later complaints are substantially identical. *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1985) (duplicative complaint subject to dismissal under section 1915 as malicious); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier action is due to be dismissed under 28 U.S.C. § 1915).

The complaint filed in this case is indistinguishable from a complaint previously filed by the plaintiff with this court. It asserts the same claims as those presented to this court in *Jones v. Davis, et al.*, Civil Action 1:05-CV-662-T (M.D. Ala. 2005), which the court decided adversely to the plaintiff on the merits. Specifically, this court held that "dismissal of the plaintiff's claims for declaratory and injunctive relief arising from adverse rulings by Judge

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Steensland is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i)." *Jones v. Davis, et al.*, Civil Action 1:05-CV-662-T (M.D. Ala. 2005) - *Recommendation of the Magistrate Judge* at 2 (adopted as opinion of the court on August 24, 2005).  With respect to the claims against Johnny B. Davis, the court determined that such claims "are frivolous as they lack an arguable basis in law . . . [and] are therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i)." *Id*. at 4.  In so doing, the court expressly stated that "[n]either an attorney retained by a defendant nor one appointed by the court to represent a defendant during state criminal proceedings acts under color of state law.  *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ('private attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.')." *Id*. at 3-4.  The court further summarily dismissed the plaintiff's challenges to the validity of the revocation of her probation and her resulting incarceration on the misdemeanor cases as these "claims provide no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)." *Id*. at 4.

In light of the foregoing, the court concludes that the amended complaint filed by the plaintiff in the present cause of action is malicious and dismissal of this complaint is therefore appropriate in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed as malicious pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  It is further

ORDERED that on or before October 5, 2005 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of September, 2005.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE